IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFREY HERSHBERGER, | : | HABEAS CORPUS |
| BOP ID 54634-019, | : | 28 U.S.C. § 2241 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-105-RWS-CMS |
| DARLENE DREW, Warden, | : | |
|    Respondent. | : | |

## FINAL REPORT AND RECOMMENDATION

Federal inmate Jeffrey Hershberger has filed a habeas corpus petition under 28 U.S.C. § 2241, alleging that prison disciplinary proceedings that resulted in his loss of good time credits violated his right to procedural due process. *See* [1].[1] For the reasons set forth below, the undersigned will recommend that Mr. Hershberger's § 2241 Petition be summarily dismissed.

On January 15, 2013, a guard at the United States Penitentiary in Atlanta found contraband in Mr. Hershberger's cell and wrote up an

---

[1] Mr. Hershberger also filed a request for permission to proceed *in forma pauperis*. *See* [2]. Because the inmate account statement that Mr. Hershberger submitted demonstrated that he had the financial capacity to pay the $5 filing fee, that request is **DENIED**. The undersigned notes that Mr. Hershberger has paid the $5 filing fee. *See* Unmbrd. Dkt. Entry dated Jan. 28, 2015.

Incident Report identifying that contraband as "a plastic b[u]tter knife that sharpened to a point [and] tattoo paraphernalia." [1] at 16. The Incident Report further noted that Mr. Hershberger "claimed ownership to all contraband found." *Id.* A photograph displaying a knife, a black ink container, modified electrical adapters, modified electrical cords, a small motor, a battery pack with wires, and other items was taken to record the evidence collected from Mr. Hershberger's cell. *Id.* at 17.

The Incident Report charged Mr. Hershberger with Prohibited Acts 104 and 108. *Id.* at 16. Prohibited Act 104 includes "[p]ossession, manufacture, or introduction of a . . . sharpened instrument [or] knife," and Prohibited Act 108 includes "[p]ossession, manufacture [or] introduction . . . of a hazardous tool." 28 C.F.R. § 541.3, Table 1. A Notice of Discipline Hearing Before the [Disciplinary Hearing Officer] (DHO) dated January 16, 2013 was presented to Mr. Hershberger that restated the alleged violations as "Possession Manufacture of a Weapon; Possession or Introduction of a Hazardous Tool." [1] at 41.

At a disciplinary hearing held on January 18, 2013, Mr. Hershberger admitted the charged conduct, waived his right to be represented, and

waived his right to call witnesses.  *See id.* at 18-20.  The DHO concluded that Mr. Hershberger had committed Prohibited Act 108.  The DHO imposed as a sanction disciplinary segregation for 21 days and the loss of 21 days of good time credit.  *See id.* at 19.

The DHO memorialized the January 18, 2013 hearing results in a Discipline Hearing Officer Report dated January 22, 2013.  *See id.* at 18-20.  In the "Reason for Sanction or Action Taken," the DHO wrote, *inter alia*:

> Possessing and/or using [] hazardous tools (gadgets, wires, plugs, tool like items) in a correctional envi[ro]nment is dangerous to [yourself] as well as to staff and other inmates.  Possessing a <u>*cellphone*</u> directly circumvents the Bureau of Prisons policy regarding contraband. . . .

*Id.* at 19 (emphasis added).

On February 1, 2013, the DHO issued an amended Discipline Hearing Officer Report.  *See id.* at 21-23.  This time, in the "Reason for Sanction or Action Taken," the DHO wrote, *inter alia*:

> Possessing and/or using [] hazardous tools (gadgets, wires, plugs, tool like items) in a correctional envi[ro]nment is dangerous to [yourself] as well as to staff and other inmates.  Possessing these <u>*items*</u> directly circumvents the Bureau of Prisons policy regarding contraband. . . .

*Id.* at 22 (emphasis added).

3

Fixating on the finding in the initial Discipline Hearing Officer Report that he had possessed a cellphone and on the difference between the Incident Report's description of the contraband as "tattoo paraphernalia" as compared to both Discipline Hearing Officer Reports' description of the contraband as "gadgets, wires, plugs, tool like items," Mr. Hershberger filed a Regional Administrative Remedy Appeal on March 18, 2013, demanding that the Incident Report be expunged from his record. *Id.* at 24.

Although Mr. Hershberger did not receive the specific relief he had requested, his appeal was granted on March 23, 2013, and the disciplinary case against him was remanded to the DHO for rehearing. *Id.* at 25. Mr. Hershberger was dissatisfied with this result and filed a Central Office Administrative Remedy Appeal dated April 1, 2013. *Id.* at 26.

However, even before Mr. Hershberger had filed that appeal, the DHO held a rehearing on March 23, 2013. The Amended Discipline Officer Hearing Report dated April 9, 2013 reflects that Mr. Hershberger indicated that he was ready to proceed with the rehearing, and that during the course of proceedings Mr. Hershberger took the following position:

> You admitted at the time of the incident and throughout the investigation phase, or UDC, DHO hearings . . . to the charges of possessing the wires, gadget and homemade looking

4

utensils, but it should not have been a 108 Hazardous Tools and Items or 104 Weapons.  Request the DHO take consideration as the items at most could be tattoo paraphernalia.  And, basically is only owning up to ownership as to take the hit and not have to give someone up.

   Additionally, the following criteria were considered:

   1. Documentation reflecting the evidence.
   2. Lt's notes of investigation.
   3. Photograph of evidence.

   The DHO considered the statement of staff to be credible, the photo of the evidence recovered and your request at the rehearing and considered the items (gadgets, tool like items, utensils, plugs).  The DHO believes the written report of facts, and the evidence provided at the hearing, provides evidence to indicate you committed the Prohibited Act at the lower level act of Code 228.

*Id.* at 29.  Consequently, the DHO concluded that Mr. Hershberger had committed Prohibited Act 228, *see id.* at 28, which includes "[t]attooing," 28 C.F.R. § 541.3, Table 1.  The DHO imposed a lesser sanction:  21 days of administrative segregation (noted as "time served") and the loss of 10 days of good time credit.  [1] at 30.

Mr. Hershberger filed another Regional Administrative Remedy Appeal on April 16, 2013.  *Id.* at 31-32.  Mr. Hershberger argued in that appeal that "[t]he evidence in the photograph is 'contraband' outside the

5

realm of Rule 228" and denied that he had ever suggested the contraband could be considered "tattoo paraphernalia." *Id.* at 32. Mr. Hershberger again asked that "the Incident Report be dismissed and expunged." *Id.*

The Bureau of Prisons' Southeast Regional Director denied Mr. Hershberger's appeal on May 2, 2013. *See id.* at 33. Mr. Hershberger then filed another Central Office Administrative Remedy Appeal on May 28, 2013. *See id.* at 34. That appeal was denied on March 30, 2015. *See id.* at 42. Among other things, the Acting Administrator for National Inmate Appeals concluded that "[u]pon rehearing, the DHO appropriately amended the charge to a Code 228, Possession of Tattoo Paraphernalia." *Id.*

Mr. Hershberger filed the § 2241 Petition now pending before the Court in January 2016. The reports, appeals, and decisions discussed and cited above were appended to Mr. Hershberger's § 2241 Petition. In light of the Bureau of Prisons' consistent treatment of Mr. Hershberger's appeals on the merits, the undersigned concludes that he adequately exhausted all available administrative remedies, and that this Court should address the merits of his § 2241 Petition.

"The Supreme Court has held that inmates must be given certain procedural due process protections before they are deprived of their protected liberty interest in good time credits, including at least 24 hours advance written notice of the charges against them and the right to call witnesses and present documentary evidence." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475-76 (11th Cir. 2015) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). It is plain from the record that Mr. Hershberger had more than 24 hours notice that he was charged with Prohibited Acts 104 and 108, and that the underlying conduct was described in the Incident Report. The central question in this case is whether that notice was adequate to support the DHO's ultimate determination that Mr. Hershberger committed Prohibited Act 228.

The United States Court of Appeals for the Eleventh Circuit has recently held that there is no violation of *Wolff's* notice requirement where a prisoner is disciplined on a modified charge, if the "same conduct served as the basis" for finding a violation on the modified charge. *Id.* at 476. 2015). As the Eleventh Circuit noted, the Bureau of Prisons' own regulations "expressly permit a discipline hearing officer to find that an

inmate 'committed the prohibited act(s) charged, *and/or similar prohibited act(s)* as described in the [notice],'" *id.* (quoting 28 C.F.R § 541.8(a)(1)), and that the Seventh, Eighth, and Ninth Circuits have reached similar conclusions, *id.* at 476 n. 8.

In this case, the DHO relied on precisely the same underlying conduct described in the January 15, 2013 Incident Report to charge Prohibited Acts 104 and 108, when he concluded in the March 28, 2013 Discipline Hearing Officer Report that Mr. Hershberger had engaged in Prohibited Act 228. Conviction on the modified charge on this basis was plainly permitted under the rule announced in *Santiago-Lugo* and by the Bureau of Prisons' own regulations.

As a result, Mr. Hershberger's Ground One is meritless because he received adequate notice of the conduct underlying the modified charge. Mr. Hershberger's Ground Two is meritless because there clearly was evidence to support the DHO's determination that he committed Prohibited Act 228.  And Mr. Hershberger's Grounds Three and Four are meritless because his Regional Administrative Remedy Appeal dated April 16, 2013, and Central Office Administrative Remedy Appeal dated May 28, 2013,

were both appropriately denied in the absence of any reversible error in the March 28, 2013 Discipline Hearing Officer Report that they challenged.

Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must dismiss* the petition." 28 U.S.C. § 2254 Rule 4 (emphasis added). *See also id.* Rule 1(b) (permitting application of the Rules Governing § 2254 Cases in the United States District Courts to § 2241 cases).

Accordingly, the undersigned **RECOMMENDS** that Mr. Hershberger's § 2241 Petition [1] be **SUMMARILY DISMISSED**.

Because Mr. Hershberger is a federal inmate proceeding under § 2241, he does not need a certificate of appealability to appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 1st day of March, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE